UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO.   2:21-cr-83-JLB-NPM

MARK A. GYETVAY

**MOTION FOR DETENTION OR TO SET CONDITIONS OF RELEASE**

The United States respectfully moves the Court to set the following conditions of release for Defendant Mark Gyetvay:

- An $80 million bond;
- To secure that bond, posting certain securities, held in Defendant's Morgan Stanley account;
- Having two financially responsible sureties sign the bond; and
- Home monitoring, with a bracelet

**I.    Case Background**

The grand jury returned a fifteen-count indictment against the Defendant on September 23, 2021, charging him for a decade-long tax evasion scheme that involved his failure to report over $40 million of income to the IRS.  Specifically, the Defendant was charged with: aiding or assisting in the preparation false tax returns, in violation of 26 U.S.C. § 7206(2); tax evasion, in violation of 26

U.S.C. § 7201; failing to file tax returns, in violation of 26 U.S.C. § 7203; making false statement, in violation of 18 U.S.C. § 1001; failing to file required Foreign Bank Account Reporting documents, in violation of 31 U.S.C. §§ 5314 and 5322(a); and wire fraud, in violation of 18 U.S.C. § 1343. In brief summary, the Indictment charges Gyetvay with engaging in a decade-long scheme to avoid paying tens of millions of dollars of income taxes by filing false tax returns, failing to file returns, and concealing from the United States tens of millions of dollars of income by holding over $93 million of assets in secret Swiss bank accounts in the name of nominees.

**II.    Legal Standards**

Under the Bail Reform Act, 18 U.S.C. § 3141 et sec., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. 18 U.S.C. § 3142(e) (detention warranted where "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community"). A risk of flight need only be established "by a clear preponderance of the evidence, not by the higher standard of clear and convincing evidence." *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir.1985) (holding that government's burden of proof on the question of risk of

flight is governed by the preponderance of the evidence standard).

The Bail Reform Act lists the following four factors as relevant to the determination of whether detention is appropriate: (1) the nature and circumstances of the crimes charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the danger posed by the defendant's release. See 18 U.S.C. § 3142(g).

Evidentiary rules do not apply at detention hearings, and, among other means, "the government may proceed in a detention hearing by proffer or hearsay." *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); see also 18 U.S.C. § 31420(2); *United States v. LaFontaine*, 210 F.3d 125, 130-31 (2d Cir. 2000) (government entitled to proceed by proffer in detention hearings). Indeed, 18 U.S.C. § 3142(fl(2)(B) expressly states that the Federal Rules of Evidence do not apply at bail hearings. See *id*. ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing.").

### III. The Defendant Is a Flight Risk

The Defendant is a multi-millionaire who holds approximately $85 million in stock in a domestic financial account, and is the owner of valuable residences in Naples, Florida. He also holds about another $3.4 million in U.S.

brokerage accounts, and more than $1 million in Individual Retirement Accounts. Therefore, he has the resources to flee the United States and live lavishly for the rest of his life.

What is more, the defendant has somewhere to go: he is a citizen not only of the United States but of Russia – with whom the United States has no extradition treaty – where he is the Chief Financial Officer of one that country's largest corporations. The defendant is also a citizen of Italy. As a result, without serious precautions in place, the defendant can easily leave the United States without suffering a serious financial burden, and the government will have little-to-no recourse to secure his return.

In addition, the evidence against the defendant is exceedingly strong. For years, he kept his Swiss bank accounts, and the substantial income he deposited into them, secret from his own accountants. Indeed, he repeatedly lied to his United States accountants about the existence of the Swiss accounts. And, in a final attempt to get away with his scheme and to avoid substantial financial penalties, he filed a false voluntarily disclosure with the IRS under a program for which he did not qualify, in which he lied about the reason for his failure to comply with his U.S. tax obligations.

## CONCLUSION

The defendant faces substantial prison time for the crimes charged in the Indictment. He has the reason and the resources to flee the United States and stay out of the government's reach. Therefore, to ensure that the defendant is present to stand trial, the United States respectfully requests the Court to order the conditions of release requested herein.

        DAVID A. HUBBERT
        Acting Assistant Attorney General

        STUART M. GOLDBERG
        Acting Deputy Assistant Attorney General
        United States Department of Justice
        Tax Division

By:  /s/ David Zisserson
       Stanley J. Okula, Jr.
       David Zisserson
       Kevin Schneider

       Trial Attorneys, U.S. Dept. of Justice
       Tax Division
       150 M Street, N.E.
       4 Constitution Square
       Washington, D.C. 20002
       (202) 514-6479
       David.Zisserson@usdoj.gov