## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISON

UNITED STATES OF AMERICA


v.                                              CASE NO. 2:21-cr-83-TPB-NPM

MARK A. GYETVAY,

    Defendant.

_____/

## **MOTION TO DISMISS THE INDICTMENT**

Mark A. Gyetvay, by and through counsel, moves for dismissal of the indictment filed in this case (ECF Doc. 3 (the "Indictment")) pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure ("Rule 12(b)") on the basis that all of the counts charged in the Indictment are barred by the relevant limitations periods and because the government has failed to allege any exception or tolling provision to the applicable statutes of limitation on the face of the Indictment. *See United States v. Salman*, 378 F.3d 1266, 1269 (11th Cir. 2004) ("By now it has become well-established that the sufficiency of a criminal indictment is determined from its face.") (citation, quotation marks, and alternation omitted).

The government's failure to do so in this case is fatal to the Indictment,

which should be dismissed in its entirety.[1]  In addition, two out of the three counts in the Indictment that relate to Mr. Gyetvay's alleged false submission to the IRS's Streamlined Program should be dismissed as they are both multiplicitous and barred by the statute of limitations.

## 1. Background

The Indictment was filed against Mr. Gyetvay on September 22, 2021, and charged him with filing false tax returns, failing to file tax returns, failing to file Foreign Bank Account Reports (FBARs), making false statements to the government, and engaging in wire fraud.

The government's allegations against Mr. Gyetvay have scant (if any) evidentiary support and we submit that the government will be unable secure a conviction on any count of the Indictment, should there be a trial.  A trial, however, is unwarranted in this case because all of the government's allegations are time barred and must therefore be dismissed.

## 2. The Title 26 Counts Are Untimely on Their Face

### a. The False Tax Return Counts (Counts One through Three)

The government alleges that Mr. Gyetvay aided or assisted the

---

[1] The Eleventh Circuit has explained that a motion to dismiss under Rule 12(b) is warranted "when a statute of limitations defense is clear on the face of the indictment and requires no further development of facts at trial[.]" *United States v. Ramirez*, 324 F.3d 1225, 1228 (11th Cir. 2003).

preparation of false income tax returns in violation of 26 U.S.C. § 7602(2) for the 2006, 2007, and 2008 tax years. *See* Indictment ¶¶ 39-40. The limitations period for these counts is six years. *See* 26 U.S.C. § 6531(3).

The government claims on the face of the Indictment that Mr. Gyetvay filed a false 2006 tax return on February 16, 2011. *See* Indictment ¶ 40 (Count One). The statute of limitations for this alleged wrongful act expired on or about February 16, 2017. *See* 26 U.S.C. § 6531(3). The government next alleges that Mr. Gyetvay filed a false 2007 tax return on November 2, 2011. *See* Indictment ¶ 40 (Count Two). The statute of limitations for this alleged wrongful act expired on or about November 2, 2017. *See* 26 U.S.C. § 6531(3). Lastly, the government alleges that Mr. Gyetvay filed a false 2008 tax return on February 19, 2013. *See* Indictment ¶ 40 (Count Three). The statute of limitations for this alleged wrongful act expired on or about February 19, 2019. *See* 26 U.S.C. § 6531(3).

As noted above, the Indictment was filed on September 22, 2021, and it is devoid of any factual assertions that an exception to 26 U.S.C. § 6531(3) is applicable or that the limitations periods described above were tolled. For example, 26 U.S.C. § 6531 contains an exception for time during which a person is outside the United States within the meaning of Section 3290 of Title 18. However, the Indictment contains no such allegations and, to the contrary, the indictment alleges that Mr. Gyetvay met the U.S. residency requirement under

the IRS's Streamlined Offshore Program (*i.e.*, that he had an abode in the United States and was present in the United States for more than 330 days during the 3-year period prior to his Streamlined Offshore Request). *See* Indictment ¶ 36. Accordingly, on the face of the Indictment, the limitations periods within which the government could have charged Mr. Gyetvay with filing false income tax returns for tax years 2006, 2007, and 2008 all expired well prior to the filing of the Indictment. Therefore, counts One through Three should be dismissed as untimely.

### b. The Tax Evasion Count (Count Four)

The government alleges on the face of the Indictment that Mr. Gyetvay committed tax evasion for the 2009 tax year in violation of 26 U.S.C. § 7201 by, *inter alia*, not filing an income tax return for 2009. *See* Indictment ¶ 42. The government is wrong. Mr. Gyetvay did, in fact, file a 2009 return and the government has not asserted that the 2009 return as filed was incorrect, much less false. The government goes on to allege a number of additional purported acts in connection with Count Four, all of which are beyond the applicable six-year limitations period. *See* 26 U.S.C. § 6531(2).

- The government alleges that from "September 2005 and continuing through 2012" Mr. Gyetvay opened foreign bank accounts in the names of corporate entities and directed the banks to not send statements or correspondence to the United States. Indictment ¶¶ 42a.-42b. The statute of limitations for this alleged conduct expired on or about December 31, 2018, at the very latest.

- The government alleges that from "July 2010 and continuing through July 2015" Mr. Gyetvay caused his then-wife to appear as the owner of the foreign accounts at issue. *Id.* ¶ 42c. The statute of limitations for this alleged conduct expired on or about July 31, 2021, at the very latest.

- The government alleges that from "September 2005 and continuing through July 2015" Mr. Gyetvay deposited income and hid those funds in the foreign accounts at issue, used those funds for personal investments and expenses, and directed an advisor to make transfers of funds. *Id.* ¶¶ 42d.-42f. The statute of limitations for this alleged conduct also expired on or about July 31, 2021, at the very latest.

- The government alleges that from "July 2010 through February 2013" Mr. Gyetvay provided his accountants with false information that resulted in the preparation of false tax returns. *Id.* ¶ 42g. The statute of limitations for this alleged conduct expired on or about February 28, 2019, at the very latest.

- The government alleges that "[i]n or about September 2010" Mr. Gyetvay filed a statement with United States immigration officials that understated his assets. *Id.* ¶ 42h. Assuming, *arguendo*, that this conduct is properly charged under Title 26, the statute of limitations for this alleged conduct expired on or about September 30, 2016, at the very latest.

- The government alleges that "[o]n or about July 18, 2015" Mr. Gyetvay made a false statement to IRS. *Id.* ¶ 42i. Again, assuming, *arguendo*, that this conduct is properly charged under Title 26, the statute of limitations for this alleged conduct expired on or about July 18, 2021.[2]

---

[2] Indeed, the date described in Paragraph 42i. of the Indictment – July 18, 2015 – is the most recent date alleged in Count Four and thus controls the deadline under which the government could charge Mr. Gyetvay with tax evasion, *i.e.*, July 18, 2021, or about two months prior to the filing of the Indictment. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("the statute of limitations in relation to Section 7201 begins to run upon the last act of evasion.").

As noted above, the Indictment was filed on September 22, 2021, and it asserts no facts that would justify an exception to (or tolling of) the limitations period under 26 U.S.C. § 6531(2).   Count Four is untimely on its face and should be dismissed.

### c.  The Failure to File Counts (Counts Five through Nine)

The government alleges on the face of the Indictment that Mr. Gyetvay willfully failed to file income tax returns for the 2010, 2011, 2012, 2013, and 2014 tax years in violation of 26 U.S.C. § 7203.   *See* Indictment ¶¶ 43-44. Again, government is wrong.  As the government well knows, Mr. Gyetvay filed returns for all of these tax years: (1) he filed his 2010 tax return on April 3, 2017; (2) he filed his 2011, 2012, and 2013 tax returns on August 13, 2015, pursuant to the IRS's Streamlined Offshore Program; and (3) he filed his 2014 return on March 29, 2017.   The government has not alleged that the 2010 through 2014 returns as filed are incorrect, much less false.  The government's allegations are subject to the six-year limitations period applicable to Title 26 offenses.   *See* 26 U.S.C. § 6531(4).   And again, the government's claims are untimely.

In cases where a defendant is charged with a failure to file an income tax return, the limitations period begins to run on the date that the return was due.  *See United States v. Phillips*, 843 F.2d 438, 443 (11th Cir. 1988).   Count

Five alleges that the deadline for filing Mr. Gyetvay's 2010 return was October 17, 2011. *See* Indictment ¶ 44. The six-year limitations period expired on October 17, 2017. *See* 26 U.S.C. § 6531(3). Count Six alleges that the deadline for filing Mr. Gyetvay's 2011 return was October 15, 2012. *See* Indictment ¶ 44. The limitations period expired on October 15, 2018. *See* 26 U.S.C. § 6531(3). Count Seven alleges that the 2012 filing deadline was October 15, 2013. *See* Indictment ¶ 44. The limitations period expired on October 15, 2019. *See* 26 U.S.C. § 6531(3). Count Eight alleges that the 2013 filing deadline was October 15, 2014. *See* Indictment ¶ 44. The limitations period expired on October 15, 2020. *See* 26 U.S.C. § 6531(3). Count Nine alleges that the 2014 filing deadline was April 15, 2015. *See* Indictment ¶ 44. The limitations period expired on April 15, 2021. *See* 26 U.S.C. § 6531(3). Again, the Indictment in this case was not filed until September 22, 2021 and fails to allege any facts suggesting that an exception to 26 U.S.C. § 6531(4) is warranted or that the limitations period was otherwise tolled. Therefore, the Court should dismiss Counts Five through Nine as untimely.

### 3. The Non-Title 26 Counts Are Also Untimely On Their Face

#### a. The False Statements Count (Count Ten)

The government alleges on the face of the Indictment that Mr. Gyetvay made false statements to the government through a submission to IRS in violation of 18 U.S.C. §§ 1001 and 2. *See* Indictment ¶¶ 45-46. This charge is

subject to a five-year statute of limitations period.  *See* 18 U.S.C. § 3282.  Count Ten, however, plainly alleges that Mr. Gyetvay made the false statements or representations at issue "[o]n or about and between July 1, 2015 and July 30, 2015[.]" Indictment ¶ 46.  The statute of limitations governing these alleged false statements expired on July 30, 2020, at the latest.  Count Ten should therefore also be dismissed.

### b. The FBAR Counts (Counts Eleven and Twelve)

The government alleges on the face of the Indictment that Mr. Gyetvay willfully failed to file FBARs for calendar years 2014 and 2015 in violation of 31 U.S.C. §§ 5341, 5322(a) and several related federal regulations.  *See* Indictment ¶¶ 47-48.  However, the government admits that Mr. Gyetvay filed his 2014 FBAR on June 25, 2015, and his 2015 FBAR on June 15, 2016, prior to the due dates for those FBARs.  *See id.* ¶¶ 31-32, 52.  Moreover, Mr. Gyetvay filed corrected 2014 and 2015 FBARs on March 27, 2017, before the government began its investigation.  These non-Title 26 charges are also subject to the standard five-year limitations period applicable to most federal crimes under 18 U.S.C. § 3282.  Again, the government plainly alleges conduct that simply does not fall within the limitations period.  Specifically, Count Eleven alleges that Mr. Gyetvay failed to file an FBAR for the 2014 calendar year on or before June 30, 2015.  *Id.* ¶ 48.  The statute of limitations for the failure to file a 2014 FBAR therefore expired on June 30, 2020.  *See* 18 U.S.C.

§ 3282.  And Count Twelve alleges that Mr. Gyetvay failed to file a 2015 FBAR by June 30, 2016.  *Id.*  The statute of limitations for the failure to file a 2015 FBAR expired on June 30, 2021, or about three months prior to the filing of the Indictment.  *See* 18 U.S.C. § 3282.  As such, Counts Eleven and Twelve should be dismissed as untimely.

### c. The Wire Fraud Counts (Counts Thirteen through Fifteen)

Lastly, the government alleges on the face of the Indictment that Mr. Gyetvay engaged in wire fraud in 2015 and 2016 by allegedly transmitting false communications to the Department of Treasury and an unnamed individual or individuals.  *See* Indictment ¶ 52.  Once again, these allegations are subject to a five-year limitations period and are therefore untimely.  *See* 18 U.S.C. § 3282.  Specifically, Court Thirteen alleges that on June 25, 2015, Mr. Gyetvay transmitted a false wire communication to the Treasury Department (*i.e.*, when he timely filed his 2014 FBAR).  *See* Indictment ¶ 52.  The statute of limitations for this alleged wrongful act expired on June 25, 2020.  *See* 18 U.S.C. § 3282.  Count Fourteen alleges that on July 17, 2015, Mr. Gyetvay transmitted an email to an unnamed individual or individuals approving an allegedly false statement for subsequent submission to the IRS.  *See* Indictment ¶ 52.  The statute of limitations for this alleged wrongful act expired on July 17, 2020.  *See* 18 U.S.C. § 3282.  Finally, Count Fifteen alleges that on June 15, 2016, Mr. Gyetvay again transmitted a false wire

communication to the Treasury Department (*i.e.*, when he timely filed his 2015 FBAR). *See* Indictment ¶ 52. The statute of limitations for this alleged wrongful act expired on June 15, 2021, again, about three months prior to the filing of the Indictment. *See* 18 U.S.C. § 3282. For these reasons, Counts Thirteen through Fifteen should also be dismissed.

### 4. Two Counts Related To The IRS Streamlined Offshore Program Filing Should Be Dismissed As Multiplicitous

The Eleventh Circuit has explained that "[m]ultiplicity is the charging of a single offense in more than one count. When the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one." *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991), cert. denied, 503 U.S. 960 (1992).

Thus, putting issues of timeliness to the side, the Court should dismiss two counts in the Indictment as multiplicitous. Specifically, the government attempts in the Indictment to use a single submission to the IRS's Streamlined Offshore Program for three separate charges. First, as part of Count Four, the government alleges that on July 18, 2015, Mr. Gyetvay filed a submission to the IRS's Streamlined Offshore Program that contained false statements in violation of the tax evasion statute (26 U.S.C. § 7201). *See* Indictment ¶ 42i.

Next, Count Ten alleges that in July 2015 Mr. Gyetvay made false statements and representations in connection with the same submission to the IRS, this time in violation of the statutory provisions related to false statements and representations (18 U.S.C. §§ 1001 and 2). *See* Indictment ¶ 46. Finally, Count Fourteen alleges that on July 17, 2015, Mr. Gyetvay sent an email approving the submission to IRS's Streamlined Offshore Program (which, per Count Four, was filed the following day) that allegedly included the same alleged false statements, this time in violation of the wire fraud statute (18 U.S.C. § 1343). *See* Indictment ¶ 52.

All of these charges clearly arise from a single alleged wrongful act, *i.e.*, making a false submission to the IRS's Streamlined Offshore Program.  All three Counts therefore effectively attempt to charge intentional false statements to the IRS with the intent to evade tax.  Therefore, even if they were not untimely the government should be compelled to elect which Count it intends to proceed with at trial, and the other Counts should be dismissed.

## 5. Conclusion

For the reasons set out above, all of the charges filed by the government in this case are untimely on the face of the Indictment and should therefore be dismissed.  Furthermore, even if they were timely (and they are not), two out of the three Counts related to Mr. Gyetvay's alleged false submission to the IRS's Streamlined Program should be dismissed as multiplicitous.

Respectfully submitted,

**/s/ Matthew J. Mueller**
Matthew J. Mueller, FBN: 0047366
FOGARTY MUELLER HARRIS, PLLC
100 E. Madison Street
Suite 202
Tampa, Florida 33602
Tel:   813-682-1730
Fax:   813-682-1731
Email: matt@fmhlegal.com
*Attorney for Defendant Mark A. Gyetvay*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, thereby serving this document on all parties of record in this case.

**/s/ Matthew J. Mueller**
Matthew J. Mueller
*Attorney for Defendant Mark A. Gyetvay*