UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                               CASE NO.  2:21-cr-83-JLB-NPM

MARK A. GYETVAY

**REPLY TO DEFENDANT'S OPPOSITION TO UNITED STATES'
MOTION TO EXCLUDE TIME UNDER 18 U.S.C. § 3161(h)(8)**

The Government has moved the Court to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8), for the commencement of the defendant's trial due to the pendency of official requests for evidence that the United States sent to the governments of Switzerland and the United Kingdom.[1]  To grant such a motion, the Speedy Trial Act "sets out only two requirements: (1) that a request for foreign evidence be made; and (2) that it reasonably appears that the evidence is in the foreign country." *United States v. Fahnbulleh*, 752 F.3d 470, 475 (D.C. Cir. 2014).

The Government has satisfied that standard.  There is no question that the United States made official requests for foreign evidence to Switzerland and the United Kingdom.  And, in granting the government's application under 18 U.S.C. § 3292 to toll the running of the statutes of limitations, Judge Chappell already found by a preponderance of the evidence that the United States officially requested evidence from those countries, and that it "reasonably appears" that evidence of the offenses

---

[1] Doc. 26.

that the grand jury was investigating was located there. Therefore, the exclusion of time the government seeks under the Speedy Trial Act is "compelled." *See United States v. Fahnbulleh,* 742 F. Supp. 2d 137, 146 (D.D.C. 2010), *aff'd*, 752 F.3d 470 (D.C. Cir. 2014).

Gyetvay does not claim that the Government has not satisfied its burden under Section 3161(h)(8). Instead, he essentially argues that the Government does not really need the evidence in question.[2] Specifically, Gyetvay claims that: (1) the Government already has the evidence, and (2) the Government's foreign evidence requests are unrelated to the charges in the Indictment.[3] Neither of those assertions is true.

### I. The Government Does Not Already Have All of the Evidence Sought Through the Foreign Requests.

The Government does not already have all the evidence it seeks from Switzerland and the United Kingdom. But, as a threshold matter, the defendant cites no authority for the proposition that the government must establish a certain need for the evidence for the Court to grant a motion under Section 3161(h)(8). Indeed, analogous cases interpreting 18 U.S.C. § 3292 – under which the United States may apply for a suspension of the limitations period to obtain foreign evidence (as the government did here) – suggest that no such requirement exists. These cases are

---

[2] Gyetvay also complains that the government seeks this evidence even though it referred to its case as "powerfully strong" during the bail hearing. Doc. 42 at 1-2. The government stands by that characterization, but that does not mean the government has *all* of the evidence it would like or that it should not utilize the statutory tools available to get it.
[3] Doc. 42.

instructive because the Speedy Trial Act defines an "official request" for foreign evidence by reference to Section 3292.

In that regard, courts have held that to toll the statute of limitations due to a foreign request for evidence, the Government need not establish the importance of the evidence to the case, nor the necessity to obtain it through a foreign request. For example, in *United States v. Lyttle*, 667 F.3d 220 (2d Cir. 2012), the defendant argued that tolling under Section 3292 was inappropriate because, before the limitations period ran, the government already had sufficient evidence to present an indictment without the foreign evidence in question. The court rejected that argument: "Section 3292 does not demand that the foreign evidence sought be pivotal to the indictment; rather, it need only be 'evidence of an offense.'" *Id.* at 225. The court also held that whether the evidence was available domestically did not matter because nothing in Section 3292 suggests that the foreign evidence must be obtainable only through diplomatic channels. "Rather, the plain text of § 3292 requires the district court, upon proper application, to suspend the statute of limitations when the government chooses to pursue foreign evidence through an official diplomatic request, regardless whether it might have been able to obtain the foreign evidence by other means." *Id.*

The Eleventh Circuit has agreed that, under Section 3292, the government need not establish a particular level of need for the evidence, stating that "[i]t is neither here nor there that . . . none of the evidence requested or obtained by the Government was needed at trial." *United States v. Broughton*, 689 F.3d 1260, 1275 (11th Cir. 2012) (internal quotes omitted). Rather, imposing a requirement that the foreign evidence

3

be essential to bringing charges "would require district courts to make a determination of the value of the foreign evidence the government seeks – to second-guess the government's investigation – which the statute simply does not contemplate." *DeGeorge v. U.S. Dist. Court for Cent. Dist. of Calif.*, 219 F.3d 930, 938-39 (9th Cir. 2000).

The same concepts should apply here; Section 3161(h)(8) does not contemplate such an inquiry either. The Court need not attempt to determine the subjective importance of the foreign evidence to the government's case against the defendant. Rather, it is sufficient for the United States to satisfy the requirements that Section 3161(h)(8) plainly sets forth: "that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country."

In any event, Gyetvay is incorrect that the government already has all the evidence it requested from the United Kingdom and Switzerland. The United States should not be required to divulge its trial strategy to the defendant by setting forth everything it has requested from foreign governments and the reasons why. But, for example, the United States requested from the U.K. records from the London Stock Exchange Group[4] regarding the initial public offering of PAO Novatek, through which Gyetvay received substantial share-based compensation that he did not timely report to the IRS. The United States does not have all such records, which it expects would

---

[4] *See* Doc. 42-3.

provide additional evidence of Gyetvay's compensation.

From Switzerland, the United States requested, among other things, records from the Swiss banks at which Gyetvay secretly held millions of dollars in the names of nominees. To be sure, Gyetvay is correct that the government already has Swiss bank records that it obtained from other sources. But the government does not have all the pertinent bank records. For example, the government does not have certain account-opening documents, nor does it have a clear and complete set of account statements from all the banks in question in a format that would be clearly admissible at trial.

## II. The Foreign Evidence Pertains to the Crimes Indicted.

Gyetvay is incorrect that the evidence the United States seeks through its foreign requests are unrelated to the charges in the Indictment. As an initial matter, once again, that is not something that Section 3161(h)(8) requires the government to demonstrate. Regardless, the foreign evidence the government seeks relates directly to the crimes charged.

Gyetvay makes much of the fact that the "the words 'United Kingdom' do not appear anywhere in the Indictment,"[5] as if that were dispositive of the issue. As explained above, the United States seeks documents from the London Stock Exchange that could, among other things, provide additional evidence of Gyetvay's share-based compensation related to Novatek's IPO. Count Four charges Gyetvay with tax

---

[5] Doc. 42 at 4.

5

evasion, in violation of 26 U.S.C. § 7201, for the tax year 2009. The Indictment plainly alleges that, as part of Gyetvay's tax fraud scheme, he failed to timely report to the IRS the stock-based compensation he received in connection with the IPO.[6]

The relevance of the Swiss bank documents is also plain from the face of the Indictment. Indeed, the Indictment largely focuses on Gyetvay's use of nominees to conceal assets in his Swiss bank accounts, and his failure to report to the IRS the existence of those accounts, and the income deposited into them.

## CONCLUSION

The United States seeks in good faith to exclude time under the Speedy Trial Act to obtain foreign evidence it does not have that may improve its presentation of the facts at trial. Because the United States has satisfied the requirements for such exclusion under 18 U.S.C. § 3161(h)(8), the statute instructs that up to one year "shall" be excluded from the time in which the trial of this matter must begin. Therefore, the United States respectfully requests the Court to grant the relief requested: to initially exclude six months' time, with the requirement that the government will inform the Court immediately upon receiving final action regarding the foreign requests for evidence at issue.

---

[6] Doc. 3 at ¶¶ 14 and 25.

Respectfully submitted

DAVID A. HUBBERT
Acting Assistant Attorney General

STUART M. GOLDBERG
Acting Deputy Assistant Attorney General
United States Department of Justice
Tax Division

By:    /s/ David Zisserson
STANLEY J. OKULA, JR.
Senior Litigation Counsel
DAVID ZISSERON
Assistant Chief
KEVIN SCHNEIDER
Trial Attorney
150 M Street, N.E.
4 Constitution Square
Washington, D.C.  20002
202-514-2839/stan.j.okula@usdoj.gov
202-514-6479/david.zisserson@usdoj.gov
202-616-3427/kevin.schneider@usdoj.gov

**Certificate of Service**

I certify that on November 8, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ David Zisserson
U.S. Department of Justice
Tax Division
