UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                 Case No. 2:21-cr-83-TPB-NPM

MARK A. GYETVAY,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION TO DISMISS
THE SECOND SUPERSEDING INDICTMENT"**

This matter is before the Court on Defendant Mark A. Gyetvay's "Motion to Dismiss the Second Superseding Indictment," filed by counsel on August 18, 2022. (Doc. 122). On September 1, 2022, the United States of America filed a response in opposition to the motion. (Doc. 127). The Court held a hearing on October 5, 2022, to address this and other matters. (Doc. 147). After reviewing the motion, response, court file, and the record, the Court finds as follows:

In the second superseding indictment, Defendant is charged with aiding or assisting with the preparation and filing of false tax returns (Counts 1-3), tax evasion (Count 4), failing to file tax returns (Counts 5-9), making false statements to the Government (Count 10), failing to file Foreign Bank Account Reports (FBARs) (Count 11-12), and engaging in wire fraud (Counts 13-15). According to the Government, Defendant engaged in a complex and lengthy scheme to evade tens of millions of dollars in taxes over the course of at least a decade while hiding money in secret Swiss bank accounts, which he held in his then-wife's name as a

nominee. Defendant then filed a false disclosure with the Internal Revenue Service ("IRS") under a disclosure program addressing non-willful conduct for non-U.S. residents, which he did not qualify for because he acted willfully and did not satisfy the non-residency requirements of the program by spending substantial time each year living in the United States.

Defendant seeks to dismiss the second superseding indictment on the basis that all of the counts charged are barred by the relevant limitations periods, and because the Government has failed to allege any exception or tolling provision to the applicable statute of limitations in the indictment.

As an initial matter, Defendant argues that exceptions to the statute of limitations must be alleged in the indictment. However, his position is contrary to longstanding caselaw that holds an indictment does not need to reference statute of limitations exceptions or tolling to be sufficient. *See United States v. Sisson*, 399 U.S. 267, 287 (1970); *United States v. Cook*, 84 U.S. 168, 179-80 (1872); *see also United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004); *United States v. Levine*, 249 F. Supp. 3d 732, 737-38 (S.D.N.Y. 2017); *United States v. Yip*, 248 F. Supp. 2d 970, 974 (D. Hawai'i 2003).

Defendant's argument that the counts are untimely on the face of the indictment is also unavailing. In its response, the Government indicates that it intends to "prove at trial, through various travel and other records, that the defendant was not in the United States for the six-year period required for the statute of limitations to have expired on any of the tax counts." As such, dismissal

is not warranted at this time.[1]  *See Levine*, 249 F. Supp. 3d at 737-38; *United States v. Ohle*, 678 F. Supp. 2d at 230; *United States v. Stein*, 429 F. Supp. 2d 633, 638 (S.D.N.Y. 2006).   The Court declines to rule at this time on the Government's asserted exceptions to the statute of limitations.  The motion is denied, without prejudice to being renewed at trial.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Dismiss the Second Superseding Indictment" (Doc. 122) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 19th day of December, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[1] The statute of limitations for all of the Title 26 offenses charged is six years. *See* 26 U.S.C. § 6531(2)-(4).  Title 26 includes a tolling provision, 26 U.S.C. § 6531(8), that tolls the statute of limitations clock – without the need for a judicial order – for all periods of time during which a defendant is "outside of the United States" and applies for any reason – not just when a defendant is a fugitive.  *See, e.g.*, *United States v. Ohle*, 678 F. Supp. 2d 215, 230 (S.D.N.Y. 2010); *United States v. Yip*, 248 F. Supp. 2d 970, 973 (D. Hawai'i 2003).  The Title 18 and Title 31 offenses are governed by a five-year limitations period.  *See* 18 U.S.C. § 3282.  Moreover, the limitations period for all the charges may also be tolled if the United States makes an official request for evidence in a foreign country.  *See* 18 U.S.C. § 3292.  The Court has entered orders tolling the statute of limitations in this matter on April 3, 2020, and April 15, 2021, based on evidence located in Switzerland and the United Kingdom, among other places.  In fact, both the Swiss and United Kingdom requests remain outstanding.