**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

UNITED STATES OF AMERICA

v.                                                                  Case No. 2:21-cr-83-TPB-NPM

MARK A. GYETVAY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION
TO SUPPRESS SEARCH WARRANT EVIDENCE"**

This matter is before the Court on Defendant Mark A. Gyetvay's "Motion to Suppress Search Warrant Evidence," filed on September 2, 2022. (Doc. 128). On September 16, 2022, the United States of America filed a response in opposition to the motion. (Doc. 136). On September 23, 2022, Defendant filed a reply. (Doc. 143). On October 5, 2022, the Court held a hearing to address this and other matters. (Doc. 147). After reviewing the motion, response, court file, and the record, the Court finds as follows:

Defendant is accused of engaging in a complex and lengthy scheme to evade tens of millions of dollars in taxes over the course of at least a decade while hiding money in secret Swiss bank accounts, which he held in his then-wife's name as a nominee. According to the Government, Defendant then filed a false disclosure with the Internal Revenue Service ("IRS") under a disclosure program addressing non-willful conduct for non-U.S. residents, which he did not qualify for because he acted willfully and did not satisfy the non-residency requirements of the program by spending substantial time each year living in the United States.

On February 21, 2020, the United States applied for and obtained a search warrant for Defendant's Yahoo! email address for a fourteen-year period of time -- January 1, 2005, through November 21, 2019. The email production consisted of 111,293 files. After review by the Automated Litigation Support ("ALS") team and a filter team consisting of attorneys from a different criminal enforcement section of the Department of Justice Tax Division, the prosecution has received access to approximately 13,400 of the 111,293 files. Defendant seeks to suppress this evidence because he claims it was obtained under an impermissible general warrant.

The Fourth Amendment to the United States Constitution provides that all persons have the right "to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has generally interpreted this to mean that a search must be based on probable cause and must be executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 356-57 (1967). To be valid, a warrant must be issued by a neutral and detached magistrate, be supported by probable cause based on oath or affirmation, and it must particularly describe the place to be searched and the things to be seized. *Dalia v. United States*, 441 U.S. 238, 255 (1979).

Defendant does not challenge the magistrate judge's finding of probable cause. Furthermore, Defendant concedes that the warrant application included "Attachment B," which lists particular items to be seized from the email account. However, Defendant argues that the categories were so expansive that they did not provide a limitation on the emails that could be seized and reviewed. As such, Defendant contends that while Attachment B purported to satisfy the particularity requirement

of the Fourth Amendment, the broad categories actually allowed the Government to seize and review all of Defendant's email communications over the fourteen-year period, therefore constituting an impermissible general warrant.

As an initial matter, the Court notes that the motion appears to be untimely. It was filed eleven months after Defendant received the search materials in discovery, and long after the Court's deadline for pretrial motions.[1] Yet, even if the motion were timely filed, the Court would still deny relief. The warrant appears to be sufficiently particular in light of the complex nature and sizeable time duration of the tax fraud scheme Defendant is accused of committing. *See United States v. Patel*, No. 1:09-CR-0564-ODE-JFK, 2010 WL 11507901, at *7 (N.D. Ga. May 11, 2020) (denying motion to suppress after concluding that "[a]ny warrant authorizing the seizure of documents related to . . . alleged, far-reaching fraud would necessarily invoke broad language; the use of such language would not necessarily mean, however, that he warrant was impermissibly overbroad or vague.").

Many of the categories are specific – for instance, "evidence concerning any domestic or foreign bank accounts held by [Defendant] including in his name, in the name of a nominee entity, and in the name of a nominee individual," and "evidence reflecting communications or correspondence between [Defendant] and his accountants and advisors about his tax and foreign asset reporting obligations." (Doc. 128-1). Although some categories use broader language, the nature of this case

---

[1] The Court notes that Defendant would have been able to meet the October 7, 2021, deadline since he did not receive the warrant and affidavit until around October 7, 2021. However, he failed to move for an extension of time, and filed his motion o suppress around eleven months after receiving a copy of the warrant and affidavit.

appears to justify those broader terms. After all, "[e]ven a warrant that describes the items to be seized in broad or generic terms may be valid when the description is as specific as the circumstances and the nature of the activity under investigation permit." *United States v. Cooper*, 654 F.3d 1104, 1126 (10th Cir. 2011). This is certainly true in tax evasion and failure to file cases where crimes may only be detected through the careful examination of extensive documentary records. *See United States v. Schandl*, 947 F.2d 462, 465 (11th Cir. 1991). In addition, in a case where a defendant asserts or may assert that his conduct was not willful, "the Government must have wide leeway in securing evidence to show that [the defendant] had knowledge[…]." *United States v. Rose*, No. CRIM.A. 05-101, 2005 WL 1279128, at *2 (E.D. Pa. May 25, 2005).

Moreover, even if the warrant were overbroad and therefore invalid, seized evidence may still be admitted if executing officers reasonably relied in objective good faith on a subsequently invalidated warrant that was issued by a detached and neutral magistrate.[2] *See United States v. Leon*, 468 U.S. 897, 914-26 (1984); *United States v. Sutton*, No. 8:04-cr-325-T-17TBM, 2007 WL 705044, at *5 (M.D. Fla. March 2, 2007) (citing *Leon*). "The good faith exception ma be applied to a search conducted pursuant to an overly broad warrant." *United States v. Travers*, 233 F.3d 1327, 1330 (11th Cir. 2000). The case involves a complex tax evasion scheme taking place over

---

[2] Defendant argues only that the warrant was so facially deficient that the executing officers could not reasonably presume that it was valid. Yet, searches conducted pursuant to a warrant "will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer had acted in good faith in conducting the search." *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003).

many years and across international borders.  A wide variety of documents would be relevant to prove this scheme.  The warrant in this case, even if it were found to be "overly broad," is "not so facially deficient […] that the executing officers could not have reasonably presumed it to be valid."  *Id.* (citing *United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir. 1985)).  Accordingly, Defendant's "Motion to Suppress Search Warrant Evidence" (Doc. 128) is hereby **DENIED**.

    **DONE and ORDERED** in Chambers, in Fort Myers, Florida, this 19th day of December, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**