UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                                            Case No. 2:21-cr-83-JNE-NPM

MARK A. GYETVAY

**GOVERNMENT'S PARTIALLY OPPOSED MOTION SEEKING A DECLARATION OF MISTRIAL WITH RESPECT TO THE COUNTS ON WHICH THE JURY COULD NOT REACH A VERDICT AND THE EXCLUSION OF TIME UNDER 18 U.S.C. § 3161 TO RETRY THOSE COUNTS**

      The United States respectfully submits this motion seeking two forms of relief. First, we ask the Court to formally declare a mistrial as to Counts One through Nine and Count Fifteen of the Second Superseding Indictment—the counts on which the jury could not reach a unanimous verdict ("the hung counts"). Second, because the Speedy Trial Act ("STA") clock has commenced running with respect to any re-trial of the hung counts, we respectfully request the Court to exclude time under the STA until the defendant's sentencing on the counts of conviction and the resolution of any appeal.

      The defendant has advised the Government that he opposes an order declaring a mistrial as to the hung counts because he intends to file a motion for judgment of acquittal on those counts. However, the defendant does not oppose an exclusion of time under the STA to retry the hung counts following any appeal in the event the Court denies his post-trial Rule 29 motion.

## DISCUSSION

### I. The Court should Declare a Mistrial

The Double Jeopardy Clause of the Fifth Amendment protects defendants from being prosecuted for the same crime multiple times. However, the Government may retry a defendant when a jury fails to reach a verdict. *Richardson v. United States*, 468 U.S. 317, 324-26 (1984). "If the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on those counts. The government may retry any defendant on any count on which the jury could not agree." Fed. R. Crim. P. 31(b)(3).

Following the receipt by the Court of multiple questions from the jury after deliberations began, and the Court's delivery—with the consent of the parties—of an *Allen* charge, the jury announced that it was hopelessly deadlocked on some counts and had reached a verdict with respect to others. With the consent of the parties, the Court allowed the jury to announce its partial verdict: the inability to reach unanimity with respect to the hung counts, conviction on Counts Ten through Thirteen, and acquittal on Count Fourteen.

As a result of its conclusion—with the consent of the parties—that no amount of further deliberation would result in a unanimous verdict on the hung counts, the Court accepted the partial verdict and discharged the jury. Given the foregoing, a declaration of mistrial as to the hung counts is appropriate. *See United States v. Eldridge*, 2016 WL 5745161 at *4 (W.D.N.Y. Oct. 4, 2016) (after the jury reached unanimous verdicts for some counts and hung on others, the Court "upon request from the

2

Government … declares a mistrial as to the Unresolved Counts").[1]

The defendant opposes the request for a mistrial declaration because he has announced that he intends to file a motion for judgment of acquittal by May 2. A mistrial declaration, however, is unrelated to any Rule 29 motion. Rule 29 allows a defendant to move for a judgment of acquittal "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. Proc. 29(c)(1). The jury convicted on some counts, acquitted on one, and hung on the others. After the jury became hopelessly deadlocked, the Court accepted the partial verdict and discharged them. Therefore, the Court's declaration of a mistrial, or lack thereof, has no bearing on his anticipated filing. Accordingly, the Court should declare a mistrial with respect to the hung counts.

 II. **The Court should Adjourn a New Trial and Exclude Time Pending the Defendant's Appeal**

   *A. The Time Through the Defendant's Sentencing Hearing and the Conclusion of his Anticipated Appeal is Automatically Excluded under the STA*

Under the STA, a new trial "following a declaration by the trial judge of a mistrial" must commence within 70 days of the declaration. 18 U.S.C. § 3161(e). However, just as is the case for the original trial, "the periods of delay enumerated in

---

[1] Although such a declaration may not formally be necessary, for clarity of the record, the Government nonetheless requests the court declare a mistrial as to these counts. *See United States v. Warren*, 593 F.3d 540, 545 (7th Cir. 2010) (after the defendant argued on appeal that his re-trial violated the Double Jeopardy Clause because the court never declared a mistrial, the Court of Appeals concluded that "once the district court had discharged the jury, there was no need for a motion for a mistrial. The district court's words and action in discharging the jury had the effect of 'declaring' a mistrial").

section 3161(h) are excluded in computing the time limitations." *Id.*

The time that passes during the defendant's current sentencing proceeding and any appeal is excludable under the STA. One category of time that "shall be excluded" is from the "delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1); *see also United States v. Davenport*, 935 F.2d 1223, 1233 n.5 (11th Cir. 1991) ("the plain language of 3161(h), which states that 'the following periods of delay *shall* be excluded,' indicates that each period of delay listed in that provision constitutes an automatic exclusion"). Although the STA provides a list of potential "other proceedings," 18 U.S.C. §§ 3161(h)(1)(A)-(H), this list is non-exhaustive. *See United States v. Salerno*, 108 F.3d 730, 737 (7th Cir. 1997) (concluding that delays resulting from post-trial and sentencing motions were excluded under the STA even though these proceedings were "not expressly cited as excludable under § 3161(h)"); *United States v. Garrett*, 720 F.2d 705, 709 (D.D.C. 1983) (observing that the proceedings listed in § 3161(h) are "merely illustrative and not intended to be exhaustive").

Other courts considering this same issue have concluded that, although not expressly listed, the defendant's sentencing on the counts of conviction and any appeal of those counts are "other proceedings" that can be excluded time under the STA applicable to any retrial of hung counts. *See United States v. Sanford*, 293 F. Supp. 3d 370, 377 (W.D.N.Y. 2018) ("Regardless of whether the precise circumstances here fall squarely within any of the listed proceedings, … I find that the defendant's appeal from the counts of conviction constitutes an other proceeding concerning the defendant")

4

(internal quotations omitted); *United States v. Smith*, 2016 WL 1665162 at *1 (E.D. M.I. Apr. 26, 2016) (despite not being expressly listed in § 3161(h)(1), concluding that "the Defendant's post-trial motion, sentencing proceeding, and appeal are all excludable … as periods of delay resulting from other proceedings concerning the defendants") (internal quotations omitted).

The defendant's pre-sentence investigation is currently ongoing, and that investigation is part of his sentencing proceeding, which will ultimately culminate in a hearing on September 21. The time for this ongoing proceeding is excludable in consideration of the timeliness of any retrial on the hung counts. Similarly, if the defendant files a notice of appeal within 14 days of the Court's issuance of a final judgment, the time taken for that appeal will also be excludable as a delay from an "other proceeding." The Government therefore asks the Court to find that these time periods are excludable under the STA.

> B. *The Interests of Justice Support an Adjournment of Trial and an Exclusion of Time Under the STA*

An independent basis to halt the running of the STA clock is that the interests of justice outweigh the interest of the public and the defendant[2] in a speedy re-trial of the hung counts. The Court may exclude time under the STA if it finds that the interests of justice outweigh the interests of the public and the defendant in a speedy trial. In fashioning this STA exclusion, Congress provided a list of four factors for the Court to consider in weighing the competing interests. *See* 18 U.S.C. §§

---

[2] Regarding the defendant's interest, as noted, he does not object to this request.

3161(h)(7)(B)(i)-(iv). While none of those factors is directly relevant here, the law is clear that the list is not exclusive. 18 U.S.C. § 3161(h)(7)(B) (listing "the factors, among others"); *see also Sanford*, 293 F. Supp. 3d at 376 ("by making that list nonexclusive, Congress implicitly recognized that there could be a wide range of circumstances that might justify a time exclusion, and that courts need to be afforded discretion to deal with those circumstances as they arise"). Therefore, the Court can and should consider other factors, such as what interests are served by having a potentially unnecessary trial.

      The interests of justice far outweigh the interests of the defendant and the public in a speedy trial of the hung counts. The Government is unlikely to seek to retry the defendant on the hung counts if his convictions and sentence are undisturbed on appeal. Therefore, having a trial in the interim may result in a waste of resources for all parties involved. *See United States v. Levasseur*, 635 F. Supp. 251, 255 (E.D.N.Y. 1986) ("Neither the public interest, nor the courts, nor society would be served by a lengthy trial which might prove to be unnecessary"). Additionally, to the extent that an appeal results in the need to retry one or more of the counts of conviction, it makes sense to retry those counts at the same time as the hung counts. *See Smith*, 2016 WL 1665162 at *1 ("any retrial of the deadlocked counts should be held in conjunction with any other counts of conviction that the Sixth Circuit might determine may need to be retried").

      The Court in *Smith*, 2016 WL 1665162 at *2, granted the Government's motion in a nearly identical situation. In that case, the jury convicted the defendant of three

counts and hung on one count. The defendant filed a motion for an extension of time to file post-trial motions. The Government filed a motion to adjourn any retrial of the remaining count until after the conclusion of the defendant's likely appeal and asked the court to find that the time until such retrial be excluded under the STA. In granting the motion, the court reasoned that "adjourning any further proceedings until after the Sixth Circuit's decision is the most logical and efficient approach because it would conserve the parties' and the Court's resources and streamline any future proceedings." *Id.* at *2. The Court concluded that "an ends-of-justice continuance is therefore appropriate." *Id.*; *see also Sanford*, 293 F. Supp. 3d at 379 (granting a continuance and excluding time under the STA in the interests of justice); *United States v. Dusenberry*, 246 F. Supp. 2d 802, 807 (N.D. Oh. 2002) (same); *Levasseur*, 635 F. Supp. at 255 (same); *Eldridge*, 2016 WL 5745161 at *4 (same). Consistent with these decisions, the Court should refrain from setting a new trial date with respect to the hung counts until after the conclusion of the defendant's sentencing and any appeal on the counts of conviction. The Court should also exclude the interim time under the STA, as the interests of justice far outweigh any interests in a speedy trial.

## CONCLUSION

At the conclusion of trial, the jury hung on Counts One through Nine and Count Fifteen. For clarity of the record, the Court should order a mistrial as to those counts. Additionally, the Court should refrain from setting any new trial date for the hung counts until after the conclusion of sentencing and any appeal on the counts of conviction and further order that the time between the discharge of the jury and the

conclusion of the defendant's sentencing and any appeal should be excluded under the STA.

Dated: April 26, 2023       Respectfully submitted,

                                              DAVID A. HUBBERT
                                              Deputy Assistant Attorney General

                                              STUART M. GOLDBERG
                                              Acting Deputy Assistant Attorney General
                                              For Criminal Matters
                                              U.S. Department of Justice—Tax Division

By:   /s/ Kevin Schneider
       STANLEY J. OKULA, JR.
       Senior Litigation Counsel
       DAVID ZISSERSON
       Assistant Chief
       KEVIN SCHNEIDER
       Trial Attorney
       Kevin.schneider@usdoj.gov
       (202) 616-3427

9

**Certificate of Service**

I certify that on April 26, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

<pre>
                    /s/ Kevin Schneider
                    U.S. Department of Justice
                    Tax Division
</pre>