UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 2:21-cr-83-TPB-NPM

MARK A. GYETVAY,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
OR, IN THE ALTERNATIVE, FOR JUDGMENT
<u>NOTWITHSTANDING THE JURY'S VERDICT</u>**

Mark A. Gyetvay, by and through counsel, hereby moves this Court for entry of judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure as to the counts of conviction in this case or, in the alternative, for entry of judgment notwithstanding the jury's verdict as to the counts of conviction.

This matter was tried before a jury in March 2023. The jury returned a verdict of guilty on four of fifteen Counts: Counts Ten (failure to timely file a tax return for the 2013 tax year), Eleven (failure to timely file a tax return for the 2014 tax year), Twelve (false statements in connection with Mr. Gyetvay's IRS Streamlined Procedures filing), and Thirteen (failure to file an FBAR for the 2014 calendar year). *See* Verdict Form (Doc. 261). Mr. Gyetvay should be acquitted of all counts of conviction.

### A. Mr. Gyetvay Should be Acquitted as to Count Thirteen

The facts adduced at trial, Treasury Department and IRS guidance, Supreme Court authority, and the jury's acquittal with regard to Count Fourteen (wire fraud in connection with the filing of the 2014 FBAR) all require entry of judgment of acquittal or, in the alternative, entry of judgment notwithstanding the jury's verdict as to Count Thirteen.

### 1. The Government Conceded That Mr. Gyetvay Filed a Timely 2014 FBAR

The evidence established, and the government agreed, that Mr. Gyetvay filed a timely 2014 FBAR. No reasonable jury could thus convict on Count Thirteen, which alleged that: "On or about ***June 30, 2015***, in the Middle District of Florida, defendant MARK ANTHONY GYETVAY did willfully fail to file with the U.S. Department of Treasury an [2014] FBAR disclosing that he had [a]n . . . interest in … a financial account in a foreign country … to wit, the Opotiki account—Acct xxxx4056—at Falcon." *See* Second Superseding Indictment (Doc. 101) at ¶¶ 48, 49 (emphasis added).

The evidence at trial left no doubt that Mr. Gyetvay filed his 2014 FBAR by the deadline of June 30, 2015. *See* Tr. of Mar. 21, 2023 at 278:4-7. FinCEN attorney Patrick Reid testified that Mr. Gyetvay did, in fact, timely file his 2014 FBAR. *See* Tr. of Mar. 21, 2023 at 278:4-7 (Mr. Gyetvay filed his 2014 FBAR on June 25, 2015, *i.e.*, five days prior to the filing deadline); *see also* Tr. of Mar. 22, 2023 at 7:1-16 (Mr. Gyetvay's 2014 FBAR "was timely filed.");

2

Defendant's Motion Pursuant to Fed. R. Crim. P. 29 ("Rule 29 Motion") (Doc. 256) at 10 (quoting testimony of Patrick Reid). Official FinCEN filing records for 2014 confirm that Mr. Gyetvay timely filed a 2014 FBAR. *See* Gov. Ex. 54 (FinCEN Filing Report for Calendar Year 2014 showing original FBAR filed on June 25, 2015). As a result of this undisputed evidence, the government conceded that Mr. Gyetvay's 2014 FBAR was timely filed. *See* Tr. of Mar. 24, 2024 at 134:5-12.

The government cannot now argue that Mr. Gyetvay had an obligation to file a **separate** FBAR specifically disclosing the Opitiki account. The Supreme Court recently rejected any such argument in *Bittner v. United States*, 598 U.S. ___, 143 S. Ct. 713 (2023). In *Bittner*, the government took the position that each failure to disclose an individual account separately violates 31 U.S.C. § 5314, the statute requiring FBARs. 143 S. Ct. at 718-19. But the Supreme Court disagreed, holding that the failure to file a "report" violates § 5314, regardless of the number of accounts at issue.[1] *Id.* at 719. There is no dispute that Mr. Gyetvay timely filed his 2014 FBAR.

---

[1] While *Bittner* involved civil FBAR penalties, 31 U.S.C. § 5322(a) provides that willful violations of 31 U.S.C. § 5314 or related regulations can be pursued criminally. Therefore, the holding in *Bittner* should apply in a criminal case such as this one. Moreover, Justice Gorsuch's concurring opinion described the absurd and draconian results that would ensue should the Bank Secrecy Act impose "willful" *criminal* FBAR penalties on a "per-account," rather than "per-report," basis, and rejected the "per-account" theory based on the same reasoning. *Id.* (GORSUCH, J., concurring).

3

## 2. The Government Did Not Charge, Much Less Prove, Willful Omission of Accounts from the 2014 FBAR

When discussing the defense's Rule 29 Motion at trial, the government argued: "We acknowledge that an FBAR was filed, but the account [sic] specifically alleges that he failed to file an FBAR that failed willfully to report a ***specific account***." Tr. of Mar. 24, 2023 at 134:8-12 (emphasis added). To the extent that the government now accuses Mr. Gyetvay of willfully omitting the Opotiki account from the FBAR he undisputedly filed, that accusation fails for two reasons.[2]

First, Count Thirteen alleges "fail[ure] to file" an FBAR "with the U.S. Department of the Treasury," not omission of information from an FBAR that was filed. *See* Second Superseding Indictment (Doc. 101) at ¶¶ 48, 49. Failure to file a submission is a different allegation than filing a misleading or incomplete submission, and it implicates different conduct. Indeed, the allegation that Mr. Gyetvay made a misleading submission *assumes* conduct, namely filing, that the charge of failure to file *denies*. The government clearly knows the difference between these two sets of allegations, as it separately

---

[2] During the Rule 29 argument the government promised to "supply the authority" supporting its position, *see id.*, at 134:13-14, yet it never did so. The government's argument was also advanced by appellate attorneys from the DOJ's Tax Division in the Fifth Circuit. *See United States v. Bittner,* 19 F.4th 734, 743 (5th Cir. 2021) *rev'd and remanded*, 143 S. Ct. 713 (2023). The Fifth Circuit's holding was reversed by the Supreme Court's opinion in *Bittner*. Accordingly, the Tax Division trial attorneys who advanced this argument at Mr. Gyetvay's trial well knew that the Supreme Court had by that point rejected the very same argument.

charged failure to file a return (*see* Counts Seven through Eleven) and filing of a false return (*see* Counts One through Three).

The government's attempt to change the factual basis for Count Thirteen constitutes an impermissible variance or constructive amendment. *See United States v. Holt*, 777 F.3d 1234, 1261 (11th Cir. 2015) ("A constructive amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."); *see also United States v. Narog*, 372 F.3d 1243, 1247 (11th Cir. 2004) ("variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same."). Accordingly, Count Thirteen should be dismissed, or, in the alternative, the Court should enter judgment of acquittal as to Count Thirteen.

Second, the government failed to prove willful omission of information from Mr. Gyetvay's 2014 FBAR. Indeed, the jury acquitted Mr. Gyetvay of Count Fourteen, which alleged that he engaged in a wire fraud scheme when he filed his 2014 "FBAR Submission to Department of Treasury." *See id.* ¶ 53 (emphasis added). If the jury determined that Mr. Gyetvay lacked intent to defraud when he filed his 2014 FBAR, then it cannot have believed that he willfully omitted information from that FBAR in violation of a known legal

5

duty. *See Ratzlaf v. United States*, 510 U.S. 135, 140-41 (1994) (willfulness requires violation of a "known legal duty," *i.e.*, a "purpose to disobey the law.).

The jury acquitted on Count Fourteen because the trial evidence left no doubt that any omission from the 2014 FBAR was unintentional, and plainly was not willful. Mr. Gyetvay corrected the errors and omissions on the 2014 FBAR on March 30, 2017—long before the government started the investigation of Mr. Gyetvay. Mr. Reid's testimony and official FinCEN filing records conclusively established that Mr. Gyetvay amended his 2014 FBAR ***prior*** to the onset of the government's investigation in or about March 2018, and that his amendment disclosed the previously omitted bank account. *See* Gov. Ex. 55 (FinCEN Filing Report for Calendar Year 2014 showing amended FBAR filed on Mar. 30, 2017). FinCEN's published guidance specifically permits taxpayers to correct or amend a previously filed FBAR to correct the timely filed 2014 FBAR. *See* Tr. of Mar. 21, 2023 at 274:12-19; Rule 29 Motion (Doc. 256) at 11. The government never contested the accuracy of the 2014 Amended FBAR that Mr. Gyetvay filed in accordance with FinCEN guidance.

The government offered no evidence that would reconcile its fraud theory with Mr. Gyetvay's use of an established procedure to voluntarily disclose undisputedly accurate and complete information. The government's lack of evidence led the jury to reject Count 14. That same lack of evidence dooms any

6

theory of Count 13 that requires the government to meet the heightened standard of willfulness. *Ratzlaf*, 510 U.S. at 140-41.

### 3. The Rule of Lenity, FBARs, and *Bittner*

The rule of lenity applies to criminal statutes, which necessarily includes the government's theory of Mr. Gyetvay's criminal culpability with regard to the 2014 FBAR charged in Count Thirteen. *See Yates v. United States*, 574 U.S. 528 (2015); *Skilling v. United States*, 561 U.S. 358 (2010); *United States v. Izurieta*, 710 F.3d 1176 (11th Cir. 2013); *United States v. Trout*, 68 F.3d 1276 (11th Cir. 1995); *United States v. Jenkins*, 58 F.3d 611 (11th Cir. 1995); *United States v. McLemore*, 28 F.3d 1160 (11th Cir. 1994); *United States v. Cruz*, 805 F.2d 1464 (11th Cir. 1986). Indeed, Justice Gorsuch's concurrence in *Bittner* directly addressed the rule of lenity in light of the massive financial penalties and potentially hundreds of years of imprisonment that a taxpayer would face if he or she were subject to criminal FBAR penalties on a per-account, rather than per-FBAR basis, and noted that "[i]n these circumstances, the rule of lenity, not to mention a dose of common sense, favors a strict construction" of the Bank Secrecy Act. *Bittner*, 143 S. Ct. at 725 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 12 n. 8 ("lenity applies when a disputed statutory provision has 'both criminal and noncriminal applications.'")).

In light of *Bittner*, the Court should dismiss Count Thirteen as facially defective because it charged Mr. Gyetvay with "failing to file" something that

7

the government itself concedes he did in fact file (ahead of the deadline), or, in the alternative, the Court should enter judgment of acquittal notwithstanding the jury's verdict.

### 4. The Jury was Improperly Instructed with Respect to Court Thirteen

For the reasons set out in prior filings and on the record at trial, Mr. Gyetvay contends that the jury was improperly instructed as to Count Thirteen because the Court's instructions failed to correctly address the requisite *mens rea* element and also failed to instruct the jury as to IRS published guidance regarding the provisions for amending and correcting previously filed FBARs, as Mr. Gyetvay in fact did with regard to his 2014 FBAR filings in this case *See also* Defendant's Objections to Certain Jury Instructions Proposed by the United States (Doc. 228) at 9.[3]  Given the connection between the FBAR obligations under Title 31 and the criminal tax statutes, the jury should have been instructed with respect to the willfulness standard set forth in *Cheek v. United States*, 498 U.S. 192, 199-202 (1991); *see also* Doc. 214 at 99.

---

[3] The jury was obviously confused by the instructions it was given related to Count Thirteen, as evidenced by a note it sent during deliberations that inquired whether the "due date" associated with the 2014 FBAR filing "app[lied]." In response, the Court instructed that the due date was inapplicable if the jurors' question related to the statute of limitations, and, if the question related to some other issue, referred the jurors to the Court's jury charge as to Count Thirteen. *See* Tr. of Mar. 27, 2023 at 152-54.

8

**B. Mr. Gyetvay Should be Acquitted of Count Twelve**

The jury convicted Mr. Gyetvay of Count Twelve, which alleged that the attestation he submitted together with his IRS Streamlined Procedures filings—representing that his prior filing failures were not willful—was a false statement. The trial record makes it abundantly clear that Mr. Gyetvay's Streamlined Procedures statement was prepared by legal counsel and that Mr. Gyetvay relied on legal advice in connection with the preparation and submission of that statement. *See* Tr. of Mar. 21, 2023 at 224:21 – 227:3; Tr. of Mar. 24, 2013 at 2:11 – 17; Gov. Ex. 73; *see also* Rule 29 Motion (Doc. 256) at 7 – 9. For these reasons (and those raised in the Rule 29 Motion), the Court should enter judgment of acquittal or, in the alternative, enter judgment notwithstanding the jury's verdict as to Count Twelve.

**C. Mr. Gyetvay Should be Acquitted of Counts Ten and Eleven**

The jury convicted Mr. Gyetvay of Counts Ten and Eleven, which alleged that he failed to timely file income tax returns for the 2013 tax year (Count Ten) and for the 2014 tax year (Count Eleven).[4] For the reasons set forth in the Rule 29 Motion, specifically, his reliance on the terms of the Streamlined Procedures program (as publicized by the IRS) and his reliance on legal advice

---

[4] It should be noted that, despite the Title 26 tax allegations described in the operative indictment (most of which the jury was unable to reach a verdict on), as of the date of this filing Mr. Gyetvay's official IRS transcripts reflect that the U.S. government owes him refunds in excess of $7 million dollars.

in connection with his Streamlined Procedures submission, the Court should enter judgment of acquittal or, in the alternative, enter judgment notwithstanding the jury's verdict as to Counts Ten and Eleven. *See* Rule 29 Motion (Doc. 256) at 4-7 (citing *Cheek vs. United States*, 498 U.S. 192, 202 (1991); *United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011); *United States v. Morris*, 20 F.3d 1111, 1115 (11th Cir. 1994)).

### D. The Title 26 Counts Were All Time-Barred

Finally, as the Court is aware, with the exception of Counts Ten and Eleven (both misdemeanors), the jury was unable to reach a verdict as to the remaining Title 26 (*i.e.*, tax) counts. Mr. Gyetvay has maintained from the outset of this case that these charges are barred by the applicable statutes of limitation and that the government's combination of two separate statutes—one relating to foreign evidence requests under 18 U.S.C. § 3292(a) and another relating to days outside of the United States under 26 U.S.C. § 6531—is unprecedented and was an improper method of attempting to salvage these stale charges for trial. *See* Defendant's Motion to Dismiss the Second Superseding Indictment (Doc. 122) at 10-15; *see also* Defendant's Renewed Motion to Dismiss the Second Superseding Indictment (Doc. 249). As applied here, 26 U.S.C. § 6531 violates Mr. Gyetvay constitutional protections under the Due Process Clause of the Fifth and Fourteenth Amendments. With respect to the only two tax counts of conviction, Counts Ten and Eleven, even though

the government did not rely on the time outside the United States tolling provision, the Title 18 tolling provision for foreign evidence requests was not applicable to these offenses, because it was not listed in the application for tolling. Notably, the government's Tolling Applications never requested tolling for willful failure to file tax returns in violation of 26 U.S.C. § 7203—*i.e.*, Counts Seven through Eleven of the Indictment. (Doc. 122 at 11).

### E. Conclusion

For all of the reasons set forth above, the Court should enter judgment of acquittal as to all counts in this case or, in the alternative, enter judgment notwithstanding the jury's verdict as to all counts of conviction.

Respectfully submitted,

**/s/ Kevin Downing**
Kevin Downing
*(*Admitted *pro hac vice)*
Law Offices of Kevin Downing
601 New Jersey Avenue NW
Suite 620
Washington, D.C. 20001
Tel: 202-754-1982
Email: kevindowning@kdowninglaw.com


**/s/ Matthew J. Mueller**
Matthew J. Mueller, FBN: 0047366
FOGARTY MUELLER HARRIS, PLLC
501 E. Kennedy Blvd.
Suite 790
Tampa, Florida 33602
Tel:   813-682-1730
Fax:   813-682-1731
Email: matt@fmhlegal.com

*Attorneys for Defendant Mark A. Gyetvay*


## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, thereby serving this document on all parties of record in this case.

**/s/ Matthew J. Mueller**
Matthew J. Mueller
*Attorney for Defendant Mark A. Gyetvay*