UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

United States of America,

      Plaintiff,

v.                                                  Case No. 2:21-cr-83-JNE-NPM
                                                      ORDER

Mark A. Gyetvay,

      Defendant.

     A jury found Defendant guilty of two counts of willfully failing to timely file a federal income tax return (Counts Ten and Eleven), one count of willfully and knowingly making a materially false statement in a matter within the jurisdiction of the executive branch of the Government of the United States (Count Twelve), and one count of willfully failing to file a foreign bank account report (FBAR) that disclosed his interest in an account at Falcon Private Bank (Count Thirteen).  The jury found him not guilty of one count of wire fraud (Count Fourteen).  The jury was unable to reach verdicts on three counts of aiding or assisting in the preparation of a false tax return (Counts One through Three), three counts of tax evasion (Counts Four through Six), three counts of willfully failing to timely file a federal income tax return (Counts Seven through Nine), and one count of wire fraud (Count Fifteen).  Two motions are before the Court.  First, the government moved for a declaration of a mistrial with respect to the counts on which the jury was unable to reach verdicts and for the exclusion of time under the Speedy Trial Act.  Second, Defendant moved for a judgment of acquittal or, in the alternative, for

1

judgment notwithstanding the jury's verdict. *See* Fed. R. Crim. P. 29. For the reasons set forth below, the Court denies Defendant's motion and grants the government's motion.

## I. Defendant's Motion

"A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." *Id.* 29(c)(1). "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal." *Id.* 29(c)(2). The court must "view the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in the government's favor, and then determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Laines*, 69 F.4th 1221, 1229 (11th Cir. 2023) (quoting *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011)).

### A. Count Thirteen

In Count Thirteen, the grand jury alleged that, "[o]n or about June 30, 2015," Defendant "did willfully fail to file with the U.S. Department of the Treasury an FBAR disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and financial account in a foreign country, which had an aggregate value in excess of $10,000 during the 2014 calendar year, to wit, the Opotiki account—Acct xxxx4056—at Falcon." Defendant asserted that no reasonable jury could find him guilty on Count Thirteen because "[t]he evidence established, and the government agreed, that [he] filed a timely 2014 FBAR." Relying on *Bittner v. United States*, 143 S. Ct. 713

2

(2023), he maintained that "[t]he government cannot now argue that [he] had an obligation to file a *separate* FBAR specifically disclosing the Opitiki account." The Court rejects Defendant's assertion that the timely filing of his 2014 FBAR, which did not disclose the Opotiki account, precludes a reasonable jury from returning a guilty verdict:

> But whether a report is filed late, whether a timely report contains one mistake about the "address of [the] participants in a transaction," or whether a report includes multiple willful errors in its "description of . . . transaction[s]," the duty to supply a compliant report is violated. Put another way, the statutory obligation is binary. Either one files a report "in the way and to the extent the Secretary prescribes," or one does not.

*Bittner*, 143 S. Ct. at 719 (alterations in original).

Defendant asserted that the government neither charged nor proved that he willfully omitted the Opotiki account from his FBAR. According to Defendant, "Count Thirteen alleges 'fail[ure] to file' an FBAR 'with the U.S. Department of the Treasury,' not omission of information from an FBAR that was filed." Defendant cited his acquittal on Count Fourteen to support his assertion that "any omission from the 2014 FBAR was unintentional, and plainly was not willful." The government responded that Defendant's argument "is based on the faulty premise that he was charged with simply failing to file an FBAR." The government maintained that Defendant "was charged with failing to file what the statute and regulations required him to file: an FBAR that provided all the reportable information—including all of his reportable accounts." The government maintained that it "presented abundant proof of [his] willful violation of the FBAR

3

statute" and that "a jury's acquittal on one count cannot be used to impeach or attack a guilty verdict on a separate count." As noted above, the grand jury alleged in Count Thirteen that Defendant "did willfully fail to file with the U.S. Department of the Treasury an FBAR disclosing that he had a financial interest in, and signature and other authority over, . . . the Opotiki account—Acct xxxx4056—at Falcon." Viewing the evidence in the light most favorable to the government, the Court concludes that a reasonable jury could return a guilty verdict on Count Thirteen. Defendant's reliance on his acquittal on Count Fourteen is misplaced. *See United States v. Mitchell*, 146 F.3d 1338, 1344-45 (11th Cir. 1998).

Defendant asserted that "[t]he rule of lenity applies to criminal statutes, which necessarily includes the government's theory of [his] criminal culpability with regard to the 2014 FBAR charged in Count Thirteen." He cited Justice Gorsuch's opinion in *Bittner*, which advanced the rule of lenity as a reason to "favor a per-report approach that would restrain [Bank Secrecy Act] penalties over a per-account theory that would greatly enhance them." 143 S. Ct. at 724-25. Defendant concluded that, "[i]n light of *Bittner*, the Court should dismiss Count Thirteen as facially defective because it charged [him] with 'failing to file' something that the government itself concedes he did in fact file (ahead of the deadline), or, in the alternative, the Court should enter judgment of acquittal notwithstanding the jury's verdict." Defendant identified no ambiguity or uncertainty that would warrant application of the rule of lenity. *See Shaw v. United States*, 580 U.S. 63, 71 (2016). In *Bittner*, the Supreme Court addressed whether the Bank Secrecy Act's "$10,000 penalty for nonwillful violations accrue[s] on a per-report or per-account

4

basis." 143 S. Ct. at 719. The Supreme Court discerned no ambiguity in the duty to file reports under the Bank Secrecy Act. *Id.* The government did not concede that the FBAR filed by Defendant in June 2015 disclosed the Opotiki account. Accordingly, the Court rejects Defendant's argument.

Finally, "[f]or the reasons set out in prior filings and on the record at trial," Defendant asserted that "the jury was improperly instructed as to Count Thirteen." Without restating its prior rulings, the Court rejects Defendant's argument that the jury was improperly instructed.

### B. Count Twelve

Defendant asserted that "the Court should enter judgment of acquittal or, in the alternative, enter judgment notwithstanding the jury's verdict as to Count Twelve." He argued that "[t]he trial record makes it abundantly clear that [his] Streamlined Procedures statement was prepared by legal counsel and that [he] relied on legal advice in connection with the preparation and submission of that statement." The Court instructed the jury that good-faith reliance on advice of counsel can be a defense. Viewing the evidence in the light most favorable to the government, the Court concludes that a reasonable jury could return a guilty verdict on Count Twelve.

### C. Counts Ten and Eleven

Defendant maintained that "the Court should enter judgment of acquittal or, in the alternative, enter judgment notwithstanding the jury's verdict as to Counts Ten and Eleven" because of "his reliance on the terms of the Streamlined Procedures program (as publicized by the IRS) and his reliance on legal advice in connection with his

5

Streamlined Procedures submission." Viewing the evidence in the light most favorable to the government, the Court concludes that a reasonable jury could return a guilty verdict on Count Ten and a guilty verdict on Count Eleven.

### D. Title 26 Counts

Defendant contended that the counts that charge violations of Title 26 are time barred. The Court previously rejected his arguments. Defendant has not demonstrated that a different conclusion is warranted.

## II. The Government's Motion

The government moved for a declaration of a mistrial as to the counts on which the jury could not reach verdicts. It acknowledged that "such a declaration may not formally be necessary." The government "nonetheless request[ed]" a mistrial declaration "for clarity of the record." The government represented that Defendant opposed its request for a mistrial declaration "because he intends to file a motion for judgment of acquittal on those counts." Defendant did subsequently move for a judgment of acquittal. His motion is denied for the reasons set forth above. The Court grants the government's motion for a mistrial declaration as to the counts on which the jury could not reach verdicts. *See United States v. Warren*, 593 F.3d 540, 544-46 (7th Cir. 2010).

The government also moved "to exclude time under the [Speedy Trial Act] until the defendant's sentencing on the counts of conviction and the resolution of any appeal." The government represented that Defendant "does not oppose an exclusion of time under the [Speedy Trail Act] to retry the hung counts following any appeal in the event the Court denies his post-trial Rule 29 motion."

6

"If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). "The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." *Id.* The periods of delay enumerated in § 3161(h) include those "resulting from other proceedings concerning the defendant," *id.* § 3161(h)(1), and those "resulting from a continuance granted by any judge . . . at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). The government represented that it "is unlikely to seek to retry the defendant on the hung counts if his convictions and sentence are undisturbed on appeal." It stated that "having a trial in the interim may result in a waste of resources for all parties involved." Under the facts and circumstances of this case, the finds that the ends of justice served by the granting of a continuance outweigh the best interest of the public and the defendant in a speedy trial. The Court grants the government's motion to exclude time under the Speedy Trial Act. *See id.* § 3161(h)(1), (7)(A).

### III.   Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for judgment of acquittal or, in the alternative, for judgment notwithstanding the jury's verdict [Docket No. 275] is DENIED.

2. The government's partially opposed motion seeking a declaration of a mistrial with respect to the counts on which the jury could not reach verdicts and the exclusion of time under 18 U.S.C. § 3161 to retry those counts [Docket No. 274] is GRANTED.

   a. A mistrial is declared as to Counts One through Nine and Count Fifteen.

   b. The time between the discharge of the jury and the conclusion of Defendant's sentencing and any appeal shall be excluded in computing the time within which the trial of Counts One Through Nine and Count Fifteen must commence.

Dated: July 20, 2023

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge