UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

United States of America,

      Plaintiff,

v.                                                       Case No. 2:21-cr-83-JNE-NPM
                                                       ORDER

Mark A. Gyetvay,

      Defendant.

A jury found Defendant guilty of two counts of willfully failing to timely file a federal income tax return (Counts Ten and Eleven), one count of willfully and knowingly making a materially false statement in a matter within the jurisdiction of the executive branch of the Government of the United States (Count Twelve), and one count of willfully failing to file a foreign bank account report that disclosed his interest in an account in a foreign country (Count Thirteen).  The Court sentenced him to 86 months' imprisonment and ordered him to surrender for service of sentence by 10 a.m. on November 7, 2023.  Defendant appealed and moved for continued release pending appeal.  The government opposed his motion.  The Court denies it.

"[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds":

> (A) by clear and convincing evidence that the person is not
> likely to flee or pose a danger to the safety of any other
> person or the community if released under section 3142(b) or
> (c) of this title; and

1

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The defendant bears the burden of establishing that release pending appeal is appropriate. *United States v. Giancola*, 754 F.2d 898, 900–01 (11th Cir. 1985).

Defendant asserted that he poses no risk of flight or danger and that his appeal will raise substantial questions of law or fact likely to result in reversal, a new trial, or a significantly reduced sentence. The government responded that Defendant presented no substantial questions of law or fact.

"[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 901. "[T]here are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis." *Id.* (footnote omitted).

As to Count Thirteen, Defendant asserted that he will "raise a 'substantial question' regarding whether the government constructively amended or varied" it. The government responded that Defendant's constructive-amendment argument "is meritless because it is based on a fundamental misreading of the charging language contained in Count Thirteen and the Court's jury instructions."

As to Count Twelve, Defendant maintained that the issue of "[w]hether [his] statement [regarding willfulness in his SFO Procedures filing] could support a § 1001 violation raises a substantial issue for appeal." He asserted that "the evidence showed that [his] attorneys, with knowledge of the relevant facts, advised him that his actions did not meet the legal standard for willfulness." The government responded that "[w]illfulness . . . was an unambiguous term that was defined clearly on the Streamlined Procedures form that [Defendant] signed under the penalties of perjury," that "the evidence showed that [Defendant] did not tell his attorneys the truth about his history of tax misconduct," and that Defendant "has not raised a substantial question of law or fact likely to result in a reversal of his Section 1001 conviction on appeal."

As to Counts Ten and Eleven, Defendant asserted that "[t]here is at least a 'close question' as to whether the six-year statute of limitations barred those charges," that each is subject to his advice-of-counsel defense, and that the expected duration of the appeal process will likely exceed the sentence imposed for Counts Ten and Eleven. The government responded that the statute of limitations was properly tolled, that the jury was properly instructed on his advice-of-counsel defense, and that he provided no reason "to believe his appeal will take longer than two years."

Having carefully considered Defendant's motion and the government's response, the Court finds that his appeal does not raise substantial questions of law or fact likely to result in reversal, a new trial, or a significantly reduced sentence. The Court therefore denies his motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for continued release pending appeal [Docket No. 308] is DENIED.

Dated: October 31, 2023

                                                      s/Joan N. Ericksen  
                                                      JOAN N. ERICKSEN  
                                                      United States District Judge